# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>vs.<br>JOSE ORTEGA-CORDERO,<br><br>  Defendant. | CASE NO. 10cr2914 JM<br><br>ORDER DENYING MOTION TO DISMISS INDICTMENT |

Defendant Jose Ortega-Cordero moves to dismiss the indictment pursuant to 8 U.S.C. §1326(d). The Government opposes the motion. For the reasons set forth below, the court denies the motion to dismiss the indictment.

## BACKGROUND

On May 17, 2011 at about 5:30 a.m., Border Patrol Agent Kevin Mason responded to the activation of a seismic sensor located in the Tecate area of San Diego County. The Agent discovered footprints in the dirt, followed them for a short distance, and discovered Defendant and another individual hiding in the bushes. Defendant stated that he was Mexican national without permission to be in the Untied States.

A records check revealed that Defendant, on January 8, 2002, was convicted of distribution of methamphetamine in violation of 21 U.S.C. §841(a) and sentenced to 37 months incarceration in the Central District of California. On June 3, 2002 Defendant was served with Form I-851, Notice of Intent to Issue Final Administrative Removal

1 Order. Defendant was charged with being deportable on account of his aggravated
2 felony conviction. On June 3, 2002 Defendant admitted the allegations in the Form I-
3 851. Defendant was ordered deported on June 11, 2002 and the warrant of deportation
4 was executed on November 13, 2003 when Defendant was removed through the Laredo,
5 Texas POE. At some unidentified point in time, Defendant illegally reentered the
6 country. On December 1, 2009 Defendant's supervised release was revoked in the
7 underlying criminal action and he was sentenced to 6 months custody.

8 On July 7, 2010, Defendant was charged with being a deported alien found in the
9 United States in violation of 8 U.S.C. §1326(a) and (b). Defendant now moves to
10 dismiss the indictment.

## DISCUSSION

Defendant challenges the validity of the prior deportation. A defendant in a §1326 prosecution may collaterally attack the prior deportation before trial and preclude the government from relying on such deportation only "if the deportation proceeding was so procedurally flawed that it effectively eliminated the right of an alien to obtain judicial review. . . ." United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), cert. denied, 117 S.Ct. 1096 (1997). The collateral attack of a prior deportation is statutorily permitted only if:

> (1) the alien has exhausted any administrative remedies that may have been available to seek relief against the order,
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity to seek relief against the order; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. §1326(d)(1-3). To prevail in attacking the validity of a prior deportation the defense must show that (1) due process rights were in fact violated and (2) prejudice. United States v. Gutierrez-Alba, 128 F.3d 1324 (9th Cir. 1997).

In essence, Defendant argues that the underlying conviction (via plea agreement) for distribution of methamphetamine in violation of 21 U.S.C. §841(a) is invalid because he was not fully and adequately advised of the immigration consequences of his guilty plea as required by Padilla v. Kentucky, 130 S.Ct. 1473 (2010) (an attorney

provides deficient performance by failing to advise a defendant about immigration consequences). Defendant necessarily argues that his trial counsel was ineffective because he failed to advise Defendant of any immigration consequences. In support of this argument, Defendant declares that his counsel never informed him of the immigration consequences of his appeal and he suffered prejudice, deportation. Under these circumstances, Defendant concludes that entry of the deportation order was fundamentally unfair.

This argument is not persuasive for several reasons. First and foremost, Defendant's argument necessarily depends on the retroactive application of Padilla. In Padilla, the Supreme Court recognized the right of a defendant to be advised about immigration consequences prior to pleading guilty. However, no court has found the rule announced in Padilla to be a watershed rule within the meaning of Teague v. Lane, 489 U.S. 28, 307(1989). Padilla does not apply retroactively and therefore Defendant's argument fails as a matter of law. Second, even if counsel provided ineffective assistance of counsel, Defendant cannot demonstrate any prejudice. The sentencing transcript reveals that the district court specifically advised Defendant "You understand that if you are not a citizen of the Untied States, then a guilty plea would subject you to being deported from this country?" Defendant then responded, "I do understand. Yes." Accordingly, Defendant was advised of the immigration consequences of his plea and cannot demonstrate any prejudice within the meaning of Gutierrez-Alba, 128 F.3d 1324. Third, Defendant is precluded from collaterally attacking the underlying criminal conviction in §1326(d) prosecution. In United States v. Gutierrez-Cervantes, 132 F.3d 460, 462 (9th Cir. 1997), the Defendant argued that he should be permitted to collaterally attack the underlying criminal convictions in a §1326 prosecution. The Ninth Circuit rejected this argument, holding that only a conviction obtained in violation of the right to counsel may be raised in a §1326 prosecution. Fourth, the validity of the underlying conviction is res judicata at this point in time and not subject to attack. The record reveals that Defendant did not appeal his conviction nor did he

1  timely bring a motion pursuant to 28 U.S.C. §2255. Ultimately, on February 22, 2011
2  Defendant filed a motion to vacate, correct, or modify his sentence pursuant to 28
3  U.S.C. §2255. On June 17, 2011 Judge Virginia Phillips denied the motion on the
4  ground that Defendant was no longer in custody. (Gov't Oppo. Ex. 1).
5       In sum, the court denies the motion to dismiss the indictment as Defendant fails
6  to satisfy 8 U.S.C. §1326(d).

8  **IT IS SO ORDERED.**
9  DATED: December 1 , 2010

_____
**Hon. Jeffrey T. Miller**
**United States District Judge**

15  cc:    All parties